A. S. KING AS TAX COLLECTOR OF CITRUS COUNTY, *Appellant*, v. SAMUEL J. HILBURN, *Appellee*.

Opinion filed October 20, 1917.

Where timber rights in land are assessed without any description or identification whatever of the lands in which the rights exist and without anything to indicate that the assessment is of timber rights, the assessment is not legally sufficient; and an attempted sale of the timber rights for non-payment of taxes based on such an assessment may be enjoined, since though required to be "assessed as personal property," such a timber right is an interest in realty, and an unlawful sale would put a cloud upon the title.

Appeal from Circuit Court for Citrus County, W. S. Bullock, Judge.

Decree affirmed.

GEORGE W. SCOFIELD, for Appellant;

H. E. MERRYDAY, for Appellee.

WHITFIELD, J.—The appellee brought a bill in equity in which he alleges in effect that he is a resident of Putnam

county, Florida, and was never a resident of Citrus county, Florida; that he never did at any time own any property, real, personal or mixed in Citrus county except certain timber rights; that he is the owner of designated timber, standing, growing and being upon certain described lands; with the privilege of removing the timber from the land during a stated period; that the tax assessor for Citrus county for the year 1916 attempted to assess to complainant "for taxes on personal property valued at $10,900.00, taxes amounting to $408.75 which the tax collector" of the county demanded of complainant; (the assessment appears to have been made as follows: Hilburn, S. J. Value of all other personal property, &c. 10,900 dollars, aggregate value of personal property 10,900 dollars; total State taxes 70.85 dollars; total county taxes 272.50 dollars; Special School District Taxes Dist. No. 3, 32.70 dollars; Special School District Taxes Dist. No. 5, 32.70 dollars) ; and that the tax collector has posted notices "setting forth that it appears from the tax roll of Citrus county, Florida, for the year 1916 that there was an assessment against S. J. Hilburn of Palatka, Florida, of personal property valued at $10,900.00, on which there was $408.75 taxes due, stating that he would sell at public auction all the timber and timber leases of whatsoever kind of nature owned by S. J. Hilburn on the lands described in this bill of complaint;" (the notice of sale contains a description of the land on which the timber stands.) · It is further alleged that the assessment is void and an injunction against the sale was prayed to avoid a cloud upon complainant's title to the timber. The court held the assessment to be void and enjoined the sale. On appeal the tax collector contends that the assessment is valid as the law does not

specifically require a description of the lands to be entered on the assessment roll when "turpentine or timber rights" in the land are assessed under the statute "as personal property."

The statute contains the following provision: "In case any lands shall be timbered, and the timber or the right to turpentine the timber shall belong to a person other than the owner of the land, and the owner of the land shall disclose to the Assessor the owner or owners of such timber or turpentine rights the Assessor shall assess the value of the land independent and distinct from the value of the timber and the turpentine rights or privileges, and shall assess the value of such timber and of such turpentine rights or privileges separate and distinct from the said land and from each other, assessing the value of the land and of the timber and of the turpentine rights or privileges to the owners respectively thereof. If the Assessor cannot ascertain the name of the owner of such rights he may assess them as unknown. And in order that this provision shall be effective it is further provided that the owner or owners of the land, and also the lessees, owner or owners of the turpentine or timber rights, shall annually furnish the Assessor with a description of the lands on which such turpentine or timber rights exist, and the value of the same, and of the timber or turpentine rights, and the lease of said turpentine or timber rights shall be assessed as personal property." Sec. 1, Chap. 5725 Laws of Florida, 1907, Florida Compiled Laws, 1914.

It is clear that this statute contemplates that where the timber and turpentine rights are assessed separate from the land, a description of the land in which the separate timber and turpentine rights exist should be

entered on the assessment roll as a part of the separate assessment of the timber and turpentine rights. Emphasis is given to this conclusion by the provisions of the statute requiring a description of the land to be given to the assessor by the owner of the land and by the owner of the timber, and that "if the assessor cannot ascertain the name of the owner of such rights he may assess them as unknown." The provision that such turpentine or timber rights "shall be assessed as personal property" does not affect the manifest intent that a description of the land shall be given in connection with an assessment of turpentine and timber rights in land, "separate and distinct from the land."

The assessment of the timber rights in this case contains no description or identification whatever of the lands in which such timber rights exist and nothing to indicate that the assessment is of timber rights. For this reason the assessment is not legally sufficient; and an attempted sale of the timber rights for non-payment of taxes based on such an assessment may be enjoined since though required to be "assessed as personal property," such a timber right is an interest in realty, and an unlawful sale would put a cloud upon the title.

Decree affirmed.

BROWNE, C. J., AND TAYLOR, ELLIS AND WEST, J. J., concur.